THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE L. FRANKLIN, Defendant-Appellant.

First District (3rd Division)    No. 62412

Opinion filed August 19, 1976.

Martin Carlson, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kevin Sweeney, and Patrick W. O'Brien, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Eddie Franklin was charged with murder and attempted armed robbery but was convicted by a jury only of the latter offense. In *People v. Franklin* (1974), 22 Ill. App. 3d 775, 317 N.E.2d 611, this court vacated the conviction and remanded the case for a rehearing to ascertain the prejudicial effect of identification testimony. The trial court reconsidered the evidence, reinstated Franklin's conviction, and sentenced him to 3 to 10 years in the penitentiary. It is from the reimposition of the conviction that Franklin has appealed.

On December 12, 1969, four men attempted to rob the Gateway National Bank of Chicago. A bank guard was killed during the attempt. Ten days later the police arrested Franklin in his apartment and, while there, confiscated a pair of men's pants variously described as burgundy, lavender or "hot pink," a camel hair coat with a fur collar, an afro-style wig, and a black cap. All the items fitted the description given by the witnesses of the clothing worn by the robber who shot and killed the guard. Later that day, the police had Franklin put on the clothing taken from his apartment and placed him in a lineup where he was viewed by three bank employees: Gloria Jones, Alexia Jackson and Doris Fair. Franklin subsequently filed a motion to suppress any identification resulting from this lineup or any subsequent in-court identification on the ground that the lineup was unconstitutionally suggestive. The motion to suppress was denied with respect to Mrs. Jones who, the trial court concluded, had an independent source for her identification and was uninfluenced by the clothing worn by Franklin, but it was granted with respect to Mrs. Jackson whose identification, the court said, centered on his clothing. Mrs. Fair did not testify at the hearing on the motion and did not make an in-court identification at the trial.

At the trial Mrs. Jones stated that she had seen the defendant in the lineup and that he was the man who had shot and killed the guard. Although Mrs. Jackson's lineup identification testimony had been suppressed, she was allowed to testify that one of the robbers was wearing hot pink pants such as she had seen on Franklin at the lineup, and that a photograph accurately portrayed the lineup she had seen. She did not specifically point to Franklin in open court or state that he was the suspect she had identified at the lineup. However, this court concluded that her "testimony, coming immediately after the testimony of Mrs. Jones who had identified the defendant in the lineup photo, served to corroborate the lineup identification of witness Jones and effectively circumvented the trial court's order of suppression so that Mrs. Jackson became an identification witness herself." Mrs. Fair testified that, when she saw Franklin in the lineup, he looked like the gunman, except that the man in the bank had a goatee and mustache. She further testified that the

gunman had been wearing a tan colored coat with a fur collar. Although she too never actually pointed to Franklin in court as the man she had identified in the lineup as the killer, this court held that her testimony "amounted to an identification and was subject to the same taint of the improper lineup as was the identification testimony" of Mrs. Jackson.

This court concluded that Mrs. Jones' identification resulted from an independent observation of the defendant but decided that there was inadequate evidence before it to permit an informed judgment whether the testimony of Mrs. Jackson and Mrs. Fair was independent of the suggestive lineup. It ordered the trial court to hold a hearing on this issue, and vacated the conviction and remanded the case with these instructions:

> "If, at the hearing, the identification testimony of witnesses Jackson and Fair is shown to have been independent of the improper police station confrontation, the trial court will enter a new judgment reinstating the conviction. However, if the witnesses' identifications are now shown to be based on observations made other than at the police station, the trial court must grant the defendant a new trial, unless the court is able to declare that the testimony of such witnesses was harmless error beyond a reasonable doubt."

The hearing held by the trial judge was one not contemplated by this court. The judge reasoned that recalling the witnesses would add nothing to the testimony they gave at Franklin's trial. Accordingly, he read the transcript of the evidence presented at the trial. The hearing consisted of his observations concerning this evidence and the comments and suggestions of Franklin's attorney and the assistant State's attorney. The judge concluded that the testimony of Mrs. Jackson and Mrs. Fair was not tainted by the lineup. However, in our opinion we had stated that there was insufficient evidence in the record for us to make an informed judgment whether the identification testimony of these witnesses was independent of the improper lineup confrontation. It should have been apparent to the trial judge that more would be required for an adequate disposition of this issue than a mere reconsideration of the same evidence.

Since the mandate of this court was not complied with satisfactorily, we can only reassert our previous holding that the record—unsupplemented by additional evidence at the hearing—does not supply enough information for us to determine whether the witnesses' in-court identifications were based on their views of the defendant at the bank rather than at the suggestive lineup.

■■ Under these circumstances, a new trial would have to be granted the defendant unless, as was stated in our opinion, "the court is able to declare that the testimony of such witnesses was harmless error beyond a

reasonable doubt." The trial court made this declaration. Constitutional error is harmless error when that error is harmless beyond a reasonable doubt. (*Chapman v. California* (1967), 386 U.S. 987, 18 L. Ed. 2d 241, 87 S. Ct. 1283.) It has been held that evidence was harmless beyond a reasonable doubt when the average jury would not have found the prosecutor's case significantly less persuasive had the objectionable evidence been excluded. (*Schneble v. Florida* (1972), 405 U.S. 427, 31 L. Ed. 2d 340, 92 S. Ct. 1056.) During the trial Gloria Jones testified that she saw the robber who shot the guard and identified Franklin both at the trial and the lineup as the robber. She remembered his face because she had seen him on three separate occasions near the bank within two days before the attempted robbery. Gerald Brooks testified that he and Franklin were two of the four would-be robbers; that Franklin's assignment was to disarm the guard; that Franklin told him, after they had left the bank, that he had shot the guard when the guard tried to pull his gun.

■■ This testimony, if believed by the jury, was sufficient to convict Franklin of attempted armed robbery. (*People v. McAfee* (1974), 23 Ill. App. 3d 788, 320 N.E.2d 84 (the positive and credible testimony of an accomplice is sufficient to establish guilt); *People v. Tripp* (1974), 19 Ill. App. 3d 200, 311 N.E.2d 168 (the positive and credible identification of one witness is enough to sustain a conviction).) In view of this incriminating testimony and the other evidence contained in the record (excluding the testimony of Jackson and Fair), there is nothing unreasonable in the trial court's finding that the admission of their testimony was harmless error. The State's case would not have been significantly less convincing had the testimony of Jackson and Fair been excluded. The judgment is affirmed.

Judgment affirmed.

MEJDA, P. J., and McNAMARA, J., concur.